ROBERT J. MAYNES, ISB No. 6905
*Attorney at Law*
P. O. Box 3005
Idaho Falls, ID 83405
Telephone: (208) 552-6442
Facsimile: (208) 522-1334
Email: mayneslaw@hotmail.com

*Attorney for Debtor*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In Re: | Case No. 11-40128 JDP |
| DAVID O. KINGSTON, | Chapter 11 |
| Debtor. | |

### MOTION FOR APPROVAL OF AGREEMENT RELATING TO PROVIDING ADEQUATE PROTECTION AND USE OF CASH COLLATERAL PURSUANT TO RULE 4001(d)

COMES NOW the Debtor, David O. Kingston, by and through his attorney of record, Robert J. Maynes, Esq., and requests approval of the *Stipulation between David O. Kingston and Bank of America, NA for: (1) Plan Treatment; (2) Use of Cash Collateral/Reimbursement of § 506(c) Expenses; and (3) Surrender of 1031 S. and 2051 S. Island Green Drive, Coeur d'Alene, Idaho* ("Stipulation") attached hereto as Exhibit "A."

### BACKGROUND

As noted in the Schedules, the above captioned estate has an interest in ten (10) condominium units located in the Spanish Palms development in Las Vegas, NV (the "LV Properties") and two properties known as 1031 S. and 2051 S. Island Green Drive, Coeur d'Alene, Idaho (the "CDA Properties"). Bank of America asserts a lien in the LV and CDA Properties.

Post-petition the LV Properties have been rented and rents placed into the Debtor's segregated Rental Account (as noted in the Monthly Operating Reports). The CDA Properties remain vacant and are unable to be rented due to various HOA restrictions on the length of any lease.

The Debtor is of the opinion that the CDA Properties represent an ongoing liability to the estate and there is no equity available for the benefit of the estate. The LV Properties will provide net rents for the benefit of the estate pursuant to the Stipulation.

## SUMMARY OF THE STIPULATION

In brief the Stipulation the following:

1. **THE LAS VEGAS PROPERTIES**: PLAN TREATMENT, ADEQUATE PROTECTION PAYMENTS AND AUTHORIZATION TO USE CASH COLLATERAL:

   a. With respect to the ten (10) Spanish Palms condominium units (the "LV Properties"), the secured lender, Bank of America, and the Debtor have agreed to a stipulated "Cram Down Amount" for each unit;

   b. On the Cram Down Amount, adequate protection payments from the post-petition rents ranging from $362.84 to $452.54 per unit per month, as set forth in the Stipulation.

   c. The Cram Down Amount shall also apply for purposes of plan treatment, payable over a 30-year term at a fixed interest rate of 4.0% a.p.r.

   d. Adequate protection payments of approximately $9,000.00 a month in the aggregate shall be paid from the post-petition rents on the LV Properties, with the Debtor authorized to pay from the rents all expenses associated with the properties, including but not limited to HOA fees, utilities, landscaping, maintenance,

real property taxes, insurance, management fees, lease bonus and/or renewal fees, case administration costs, etc.

2.  REIMBURSEMENT UNDER § 506(c): Pursuant to the Stipulation, the Debtor has accrued post-petition rents on the LV Properties, while expenses related to the LV Properties have accrued post-petition—specifically, the Debtor has expended $5,011.00 out-of-pocket (as of July 15, 2011) with an additional $36,088.57 accrued but not yet paid for a total of $41,099.57 (the "Reimbursement Amount").  As of July 31, 2011 post-petition rents which have accrued and are currently held in one of the DIP accounts on the LV Properties total $65,725.00.  The Stipulation authorizes the Debtor to withdraw the Reimbursement Amount from the Rental Account and place the same into the Operating Account for the benefit of the estate and to pay the accrued post-petition expenses on the LV Properties on an ongoing basis.

3.  SURRENDER OF THE CDA PROPERTIES:  The Stipulation provides that upon Court approval of the Stipulation, 1031 S. and 2051 S. Island Green Drive, Coeur d'Alene, Idaho (the "CDA Properties") shall be surrendered by the Debtor.

4.  The terms of the Stipulation shall be incorporated into the Debtor's proposed chapter 11 plan of reorganization.

The Debtor respectfully requests approval of the Stipulation pursuant to Rule 4001(d) and 11 U.S.C. § 363.

DATED: August 12, 2011

/s/ Robert J. Maynes_____
ROBERT J. MAYNES

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 12, 2011, I filed a copy of MOTION FOR APPROVAL OF AGREEMENT RELATING TO PROVIDING ADEQUATE PROTECTION AND USE OF CASH COLLATERAL PURSUANT TO RULE 4001(d) with the Court via CM/ECF and the following parties are reflected as receiving the Notice of Electronic Filing as CM/ECF Registered Participants:

**PARTIES SERVED:**

Jesse A.P. Baker on behalf of Creditor Aurora Loan Services LLC
jbaker@piteduncan.com, ecfidb@piteduncan.com

Steven William Boyce on behalf of Creditor US Bank, N.A.
sboyce@justlawidaho.com, lnorthrup@justlawidaho.com;llee@justlawidaho.com

Karl R Decker on behalf of Interested Party James Bauchman
kdecker@holdenlegal.com, mbullock@holdenlegal.com

Monte C Gray on behalf of Creditor Bank of America
montegray@cableone.net, livg@cableone.net

R Ron Kerl on behalf of Creditor Northwest Farm Credit Services, FLCA
Ron@cooper-larsen.com, jamieb@cooper-larsen.com

Mary P Kimmel on behalf of U.S. Trustee US Trustee
ustp.region18.bs.ecf@usdoj.gov

Amy J. Kingston on behalf of Attorney Kingston Companies
cobajk@ida.net, cobgh@ida.net

Mark A Larsen on behalf of Creditor RS-ANB Fund, LP
mlarsen@larsenrico.com

David E Leta on behalf of Creditor Bank of America
dleta@swlaw.com, wsmart@swlaw.com;lgardner@swlaw.com;dfarr@swlaw.com

Brian F McColl on behalf of Creditor Wells Fargo Bank, N.A.
brian@wilsonmccoll.com, ronni@wilsonmccoll.com

Stacy JoAnn McNeill on behalf of Creditor RS-ANB Fund, LP
smcneill@larsenrico.com, calendarclerk@larsenrico.com

Patrick William McNulty on behalf of Creditor Corus Construction Venture, LLC
pwmcnulty@hollandhart.com, ntpratt@hollandhart.com;boiseintaketeam@hollandhart.com

Lance E Olsen on behalf of Creditor BAC Home Loans Servicing, LP
ecfid@rcflegal.com

Larry E Prince on behalf of Creditor Corus Construction Venture, LLC
lprince@hollandhart.com, tahancock@hollandhart.com;boiseintaketeam@hollandhart.com

Eugene A Ritti on behalf of Debtor David Kingston

ROBERT J. MAYNES, ISB No. 6905
*Attorney at Law*
P. O. Box 3005
Idaho Falls, ID 83405
Telephone: (208) 552-6442
Facsimile: (208) 522-1334
Email: mayneslaw@hotmail.com

*Attorney for Debtor*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF IDAHO

| In Re: | Case No. 11-40128 JDP |
|---|---|
| DAVID O. KINGSTON, | Chapter 11 |
| Debtor. | |

**STIPULATION BETWEEN DAVID O. KINGSTON AND BANK OF AMERICA, NA FOR: (1) PLAN TREATMENT; (2) USE OF CASH COLLATERAL/REIMBURSEMENT OF § 506(c) EXPENSES; AND (3) SURRENDER OF 1031 S. AND 2051 S. ISLAND GREEN DRIVE, COEUR D'ALENE, IDAHO**

COMES NOW DAVID O. KINGSTON, the Debtor-in-possession ("Kingston"), by and through his attorney of record, Robert J. Maynes, Esq., and BANK OF AMERICA, NA ("BOA"), by and through its attorney of record, Lance E. Olsen, Esq. of Routh Crabtree Olsen, P.S. and hereby enter into the following Stipulation for (1) Plan Treatment; (2) Use of Cash Collateral/Reimbursement of § 506(c) Expenses; and (3) Surrender of 1031 S. and 2051 S. Island Green Drive, Coeur d'Alene, ID as follows:

RECITALS

WHEREAS the above captioned bankruptcy estate currently asserts an interest in a number of pieces of real property commonly described as Spanish Palms Condominiums, Las Vegas, NV, Units 1034, 1061, 1062, 1063, 1064, 2034, 2061, 2062, 2063, & 2064 ("SP Unit") (10 Units total--collectively the SP Units are referred to herein

**EXHIBIT "A"**

as the "LV Properties") and 1031 S. and 2051 S. Island Green Drive, Coeur d'Alene, ID (the "CDA Properties");

WHEREAS Bank of America ("BOA") has filed Proofs of Claim asserting a secured claim ("Claim/Lien") against the LV and CDA Properties constituting Claim Nos. 6, 8, 14, 16, 17, 19, 20, 21, 23, 30 and 31;

THEREFORE, THE DEBTOR AND BOA HEREBY AGREE THAT FOR ADEQUATE PROTECTION AND PLAN TREATMENT OF BOA's CLAIMS/LIENS, SUCH CLAIMS/LIENS AS TO THE LV AND CDA PROPERTIES WILL BE PAID AS FOLLOWS:

1. For all purposes, including, but not limited to plan confirmation, the current fair market value of the LV Properties is stipulated to be the "Cram Down Amount" as listed below:

| LV Properties | Cram Down Amt: |
| --- | --- |
| Spanish Palms (SP) Unit 1034 | 76,000.00 |
| SP Unit 1061 | 76,000.00 |
| SP Unit 1062 | 95,000.00 |
| SP Unit 1063 | 95,000.00 |
| SP Unit 1064 | 76,000.00 |
| SP Unit 2034 | 76,000.00 |
| SP Unit 2061 | 76,000.00 |
| SP Unit 2062 | 95,000.00 |
| SP Unit 2063 | 95,000.00 |
| SP Unit 2064 | 76,000.00 |

2. Commencing within fifteen (15) days after entry of an Order approving this Stipulation and continuing monthly thereafter, the Debtor shall, as adequate protection and plan treatment, pay monthly payments from the rents associated with the LV Properties as follows:

| LV Properties | Payment on Secured Claim |
|---|---|
| SP Unit 1034 | 362.84 |
| SP Unit 1061 | 362.84 |
| SP Unit 1062 | 452.54 |
| SP Unit 1063 | 452.54 |
| SP Unit 1064 | 362.84 |
| SP Unit 2034 | 362.84 |
| SP Unit 2061 | 362.84 |
| SP Unit 2062 | 452.54 |
| SP Unit 2063 | 452.54 |
| SP Unit 2064 | 362.84 |

3. Simple interest shall accrue on the Cram Down Amounts noted above and shall be included in the respective liens for the Properties (with no cross collateralization of the secured claims on the respective properties) from the date of Court approval of this Stipulation on a fixed rate of 4.0% a.p.r., with no prepayment penalty.

4. The Cram Down Amounts shall be amortized on a thirty-year (30-year) term commencing on the date of Court approval of this Stipulation.

5. Payments shall be applied first towards accrued interest, then to the remaining principal on the Cram Down Amounts.

6. Pursuant to the terms of this Stipulation, and provided the Debtor is current with the monthly payment obligation required pursuant to Paragraph 2 above (approximately $9,000.00 for the Cram Amounts referenced above, including interest and principal), the Debtor is authorized to pay from the rents associated with the Properties all expenses associated with the Properties, including, but not limited to HOA fees, utilities, landscaping, maintenance, real property taxes, insurance, management fees, leasing bonus and lease renewal fees, case administration costs, etc.

STIPULATION BETWEEN DAVID O. KINGSTON AND BANK OF AMERICA, NA FOR: (1) PLAN TREATMENT; (2) USE OF CASH COLLATERAL/REIMBURSEMENT OF § 506(c) EXPENSES; AND (3) SURRENDER OF 1031 S. AND 2051 S. ISLAND GREEN DRIVE, COEUR D'ALENE, IDAHO

3

7. The parties to this Stipulation hereby acknowledge that since the filing of the petition the Debtor has expended $5,011.00 out-of-pocket (as of July 15, 2011), with approximately $36,088.57 incurred but not paid, accruing on a monthly basis thereafter for the benefit of the LV Properties, respectively, for HOA Fees, utilities, landscaping, maintenance, insurance, management fees, debt service, etc. and as a result gross rents have been held and are accruing in a segregated DIP account. Pursuant to this Stipulation and under 11 USC § 506(c), such funds in the amount of approximately $41,099.57 ($5,011.00 plus $36,088.57) (the "Reimbursement Amount") may be withdrawn from the segregated DIP account and the same shall not constitute cash collateral and shall be placed into the Debtor's DIP operating account for the benefit of the Debtor and this estate. To the extent any of these items are in arrears for post-petition amounts, the Debtor can use proceeds from the segregated rents to bring the same current.

8. SURRENDER OF CDA PROPERTIES(2): Upon Court approval of this Stipulation, the CDA Properties shall be deemed surrendered by the Debtor to BOA and the automatic stay with respective to these two properties shall be lifted to allow BOA to take possession of these two properties pursuant to state law.

9. The Debtor hereby agrees to incorporate the terms of this Stipulation in any proposed Plan of Reorganization submitted by the Debtor for confirmation and BOA is willing to consent to such a Plan of Reorganization under the terms and conditions stated herein. The Parties specifically agree that all terms and conditions of this Stipulation shall become an integral part of and shall be incorporated into any Plan of Reorganization proposed by the Debtor.

10. Retained Jurisdiction: The Bankruptcy Court shall have and retain jurisdiction over the parties, the subject matter of this Stipulation, any order approving the same and for the purposes of resolving any dispute relating to the rights and duties of the Parties specified hereunder.

11. The Parties further acknowledge and agree that this Stipulation is expressly contingent upon Court approval. The Debtor shall be responsible for seeking Court approval of this Stipulation in a timely fashion. In the event the Court refuses to approve this Stipulation, the terms of this Stipulation shall not be binding upon the Parties and shall be of no further force and effect.

DATED: August __, 2011

ROUTH CRABTREE OLSEN, P.S.

_____
LANCE E. OLSEN, ESQ.
Counsel for Bank of America, NA

DATED: August 11, 2011

MAYNES LAW OFFICE

_____
ROBERT J. MAYNES
Debtor's Counsel