Robert J. Maynes, ISB No. 6905
MAYNES TAGGART PLLC
P. O. Box 3005
Idaho Falls, ID 83403
Telephone: (208) 552-6442
Facsimile: (208) 524-6095
Email: mayneslaw@hotmail.com

*Debtor's counsel*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>DAVID O. KINGSTON<br><br>Debtor. | Case No. 11-40128 JDP<br><br>Chapter 11<br>*(Confirmed Plan)* |

**MOTION TO MODIFY TREATMENT OF MEMBERS OF CLASSES 9 AND 12 UNDER CONFIRMED PLAN AND REQUEST FOR ORDER LIMITING NOTICE TO AFFECTED CLASS MEMBERS**

COMES NOW the Reorganized Debtor, David O. Kingston, by and through his attorney of record, and hereby moves the Court to modify his Third Amended Plan of Reorganization ("Plan"), as modified by the Confirmation Order, which was entered by this Court on December 20, 2012 (Doc. 496), pursuant to 11 U.S.C. § 1127(e) and *Fed. R. Bank. Pro*. 3019(b).

The Debtor filed his voluntary chapter 11 petition on February 3, 2011. The case has not been converted or dismissed since that time. The Debtor's Plan was confirmed on December 20, 2012, as modified, by the Court in the *Order Confirming Chapter 11 Plan* (Doc. 496).

The Debtor seeks to modify his Plan as allowed by 11 U.S.C. § 1127(e) in individual chapter 11 cases such as this case. Specifically, Mr. Kingston (who is the plan

proponent) requests the following modifications: (1) reductions in the amount paid to members of Classes 9 and 12, collectively the unsecured creditor classes, and (2) extension of the Distribution Dates to make the reduced payments, as more specifically set forth below.

## LEGAL AUTHORITY

In an individual chapter 11 case, 11 U.S.C. § 1127(e) allows for modification of a confirmed plan to:

> (1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;
> (2) extend or reduce the time for such payments; or
> (3) alter the amount of the distribution to a creditor whose claims is provided for by the plan to the extent necessary to take account of any payment of such other than under the plan.

This Court has outlined the following guidelines applicable to Chapter 12 modifications, under identical statutory language:

> After consideration of the different approaches advanced by the authorities, this Court is unprepared to announce any absolute conditions or restrictions on the right to propose modifications to a confirmed Chapter 12 plan outside of those expressed in the statutes. Section 1229(a) contains no language which should be construed to require, as a matter of law, that the modification proponent prove a change in a debtor's financial or other circumstances as a basis for the desire to modify a plan. Had Congress intended that the Courts scrutinize the circumstances surrounding a case to decide if they "warrant" the modification, it could have employed specific language incorporating such condition as they did in Section 1127(b). Rather, Congress has imposed certain limits on the kinds of modifications that may be proposed in Section 1229(a)(1)-(3), and has instructed the Courts to evaluate proposed changes to a plan under the same standards as original plans under Section 1222(a) and (b), and most importantly Section 1225(a). 11 U.S.C. § 1229(b).

> These statutory guidelines are sufficiently flexible so as to allow the Court considerable discretion in passing on the propriety of proposed changes to a plan. There is ample basis in the applicable provisions of the Code to allow the Court to ferret out arbitrary or inappropriate modifications. In particular, compliance with notions of finality and res judicata under Section 1227(a) of the Code, good faith under Section 1225(a)(3), and feasibility under Section 1225(a)(6), pose adequate burdens to the modification proponent to discourage any insincere attempts. However, because of the presence of these statutory standards, there is simply no need to attempt to articulate other supplemental equitable prerequisites to modification.

*In re Larson,* 122 B.R. 417, 420 (Bankr.Idaho, 1991).

Notably, 11 U.S.C. § 1127(e)'s modification language is identical to § 1229(a).

### CURRENT PLAN LANGUAGE[1]

The Plan currently provides, in relevant part, as follows:

> 3.3.7 Class 9: Class 9 consists of those unsecured claims filed by those entities who have a claim timely filed pursuant to 11 U.S.C. section 523 and Federal Rule of Bankruptcy Procedure 4003(b) consisting of claimants who filed Claim Nos. 24 and 32.
>
> The Debtor proposes to pay the undisputed amounts to the members of this class and resolve the disputed amounts as described in this Plan. All claims in this class uncontested by the Debtor as well as contested claims in this class that may ultimately be approved by the Court shall receive during each Plan Year during the term of the Plan a pro rate (sic) share of the following respective distributions:

| Distribution Date | Distribution Amount |
|---|---|
| Effective Date | $700,000.00 |
| 1st anniversary of Effective Date | 100,000.00 |
| 2nd anniversary of Effective Date | 100,000.00 |
| 3rd anniversary of Effective Date | 150,000.00 |
| 4th anniversary of Effective Date | 150,000.00 |

---

[1] This language incorporates the modifications set forth in the Confirmation Order. See Doc. 496, Paragraph 5.b.

MOTION TO MODIFY CONFIRMED PLAN
Page 3

For a total distribution under the Plan of $1,200,000.00 to members of this class. The computation of the pro rata share of each creditor holding a Class 9 claim shall be based on the amount of each such creditor's allowed unsecured claim.

. . .

3.3.10 Class 12: General Unsecured Claims. Class 12 consists of all General Unsecured Claims that exist against the Debtor, excluding those claimants who constitute members of Class 10. Class 12 includes claims against the Debtor for, without limitation, monies borrowed, rejection of executory contracts and unexpired leases, unsecured deficiency claims if timely filed, and claims for indemnification, if any, but claims for indemnification or contribution are only included to the extent not included in any other class. This class consists of Claim Nos. 1, 15, 18, 24, 28-29, 32-44, 59, 63, and 66-69.

The Debtor proposes to pay the undisputed amount to the members of this class and resolve the disputed amounts as described in this Plan. All claims in this class uncontested by the Debtor as well as contested claims in this class that may ultimately be approved by the Court shall receive during each Plan Year during the term of the Plan a *pro rata* share of the following respective distributions:

| Distribution Date | Distribution Amount |
|---|---|
| Effective Date | $925,000.00 |
| 1st anniversary of Effective Date | $250,000.00 |
| 2nd anniversary of Effective Date | $270,000.00 |
| 3rd anniversary of Effective Date | $1,270,000.00 |
| 4th anniversary of Effective Date | $1,200,000.00 |
| 5th anniversary of Effective Date | $1,360,000.00 |

For a total distribution under the Plan of $5,275,000.00.

To the extent secured claimants have previously filed proofs of claim prior to the claims bar date and are entitled to an unsecured deficiency under § 506 of the Bankruptcy Code, the same claimants with timely proofs of claim shall have fourteen (14) days from the Confirmation Date in which to file an amended proof of claim asserting such deficiency. Failure to timely file an amended proof of claim asserting such deficiency will be an absolute bar to

any claim for a deficiency and participation in distributions as a member of Class 12.

**PROPOSED MODIFICATIONS**

The Debtor proposes that the current language in Sections 3.3.7 and 3.3.10 be deleted in its entirety and the following language be substituted in place thereof:

3.3.7  Class 9:  Class 9 consists of those unsecured claims filed by those entities who have a claim timely filed pursuant to 11 U.S.C. section 523 and Federal Rule of Bankruptcy Procedure 4003(b) consisting of claimants who filed Claim Nos. 24 and 32.

The Debtor proposes to pay the undisputed amounts to the members of this class and resolve the disputed amounts as described in this Plan.  All claims in this class uncontested by the Debtor as well as contested claims in this class that may ultimately be approved by the Court shall receive during each Plan Year during the term of the Plan a pro rate (sic) share of the following respective distributions:

| Distribution Date | Distribution Amount |
|---|---|
| Effective Date | $700,000.00 |
| 1st anniversary of Effective Date | 100,000.00 |
| 2nd anniversary of Effective Date | 0.00 |
| 3rd anniversary of Effective Date | 0.00 |
| 4th anniversary of Effective Date | 0.00 |
| 5th anniversary of Effective Date | 0.00 |
| 6th anniversary of Effective Date | 50,000.00 |
| 7th anniversary of Effective Date | 50,000.00 |
| 8th anniversary of Effective Date | 85,000.00 |
| Conclusion of litigation and collection of amounts due and owing, if any | 18.5% of Net Litigation Recovery |

Deleted: 100,000.00
Deleted: 150,000.00
Deleted: 150,000.00

The total distribution under the Plan to members of this class is $985,000.00, $800,000 of which has been paid prior to this modification, plus 18.5% of the Net Litigation Recovery.  The computation of the pro rata share of each creditor holding a Class 9 claim shall be based on the amount of each such creditor's allowed unsecured claim.

Deleted: For a
Deleted: of
Deleted: 1,200,000
Deleted:  to members of this class

. . .

MOTION TO MODIFY CONFIRMED PLAN
Page 5

3.3.10 Class 12: General Unsecured Claims. Class 12 consists of all General Unsecured Claims that exist against the Debtor, <u>excluding</u> those claimants who constitute members of Class 10. Class 12 includes claims against the Debtor for, without limitation, monies borrowed, rejection of executory contracts and unexpired leases, unsecured deficiency claims if timely filed, and claims for indemnification, if any, but claims for indemnification or contribution are only included to the extent not included in any other class. This class currently consists of Claim Nos. 1, 15, 18, 24, 28, 32, 41, 59, 63, and 66-69. (The changes to class membership are due to secured creditors' failure to file unsecured deficiency claims as provided for in the Plan).

The Debtor proposes to pay the undisputed amount to the members of this class and resolve the disputed amounts as described in this Plan. All claims in this class uncontested by the Debtor as well as contested claims in this class that may ultimately be approved by the Court shall receive during each Plan Year during the term of the Plan a *pro rata* share of the following respective distributions:

| Distribution Date | Distribution Amount |
|---|---|
| Effective Date | $925,000.00 |
| 1st anniversary of Effective Date | $250,000.00 |
| 2nd anniversary of Effective Date | 0.00 |
| 3rd anniversary of Effective Date | 0.00 |
| 4th anniversary of Effective Date | 0.00 |
| 5th anniversary of Effective Date | 0.00 |
| 6th anniversary of Effective Date | $250,000.00 |
| 7th anniversary of Effective Date | $250,000.00 |
| 8th anniversary of Effective Date | $315,000.00 |
| Conclusion of litigation and collection of amounts due and owing, if any | 81.5% of Net Litigation Recovery |

The total distribution under the Plan to members of this class is $1,990,000.00, of which $1,175,000.00 has been prior to this modification, plus 81.5% of the Net Litigation Recovery.

To the extent secured claimants have previously filed proofs of claim prior to the claims bar date and are entitled to an unsecured deficiency under § 506 of the Bankruptcy Code, the same claimants with timely proofs of

claim had fourteen (14) days from the Confirmation Date in which to file an amended proof of claim asserting such deficiency. Due to claimants' failure to timely file an amended proof of claim asserting such deficiency, such deficiency claims are absolutely barred and will not participate in distributions as a member of Class 12.

[Margin comments:
Deleted: shall have
Deleted:
Deleted: F
Deleted: will be an
Deleted: to any claim for a deficiency and
Deleted: ion]

The Debtor also requests that the term "Net Litigation Recovery" be added as a new Section 1.2.31 (replaced the current 1.2.31, which is simply "Reserved."):

> 1.2.31 "Net Litigation Recovery" means fifty percent (50%) of any and all funds recovered from adversary actions in this bankruptcy case, less attorney's fees and costs.

**CIRCUMSTANCES JUSTIFYING MODIFICATION OF DEBTOR'S PLAN**

The confirmed plan, Debtor's Third Amended Plan of Reorganization (Doc. 496 and Doc. 496-1) should be modified for the following reasons:

First, the Plan contemplated funding future payments with the sale of real estate assets of the Debtor and Debtor's business entities. Unfortunately, several secured creditors have refused to acknowledge the terms of the Confirmed Plan, inhibiting the Debtor's ability perform. Specifically, the loans against the Spanish Palms Condominiums were crammed down under the Plan. Subsequent to confirmation Bank of America sold the loans to various purchasers, who have in turn, in most cases, sold the loans to additional purchasers. See e.g. Transfer of Claim, Doc. 562. Each purchaser uses their respective loan servicer, and each loan servicer has largely ignored the Plan, asserting various deficiencies under the original notes, asserting the right to foreclosure, etc. The Debtor has made payments on each of these loans consistent with the Plan.

Debtor has engaged counsel in each instance requesting that such purchaser and loan servicer abided by the terms of the Confirmed Plan, to no avail. Debtor is proposing

to fund the payments under the proposed modification, in part, from the sale of these condominiums after conclusion of anticipated litigation against these parties for failure to abide by the *Stipulation Between David O. Kingston and Bank of America, NA for: (1) Plan Treatment; (2) Use of Cash Collateral/Reimbursement of § 506(c) Expenses; and (3) Surrender of 1031 S. and 2051 S. Island Green Drive, Coeur d'Alene, Idaho* (Exhibit "A" to Docket No. 159), incorporated into Class 4 of the Confirmed Plan.

Debtor anticipates filing these adversary proceedings prior to the hearing on this motion.

Second, the Debtor's projections were premised in large part on the business entities' sales of future real estate assets. However, Debtor's projections have proven to be overly optimistic and the real estate market has not rebounded as fast as previously predicted.

Third, Debtor's business entities have been required to downsize their operations due to the unforeseen loss of a major customer. The resulting revenue loss has impeded the Debtor's ability to fund plan payments. In short, actual business and sales performance have fallen well short of the sums needed to fund the payments under the Plan without modification.

As set forth in the Third Amended Disclosure Statement (Doc. 402 at p. 29), the Debtor's liquidation at that time would have resulted in a net amount of $2,005,024.87 (excluding the exempt business interests).

The modification proposed herein, while reducing the payments to the unsecured classes, provides for a combined payment of $2,975,000.00, with 18.5% and 81.5% of the total amount distributed between Class 9 and Class 12, respectively. As such, unsecured

creditors still receive more than they would receive in the hypothetical liquidation, even with the reductions under the proposed modification.

These factors justify modification of Debtor's confirmed plan.

### REQUEST FOR PRE-HEARING ORDER RE: NOTICE AND SUPPLEMENTATION

The Debtor further requests he be allowed to (1) supplement this motion to the extent necessary to respond to objections, if any, not less than fourteen (14) days prior to the hearing; and (2) authorizing the Debtor to restrict notice of the hearing and motion to members of Classes 9 and 12, only.

### CONCLUSION

Debtor respectfully requests that aforementioned modifications to its confirmed plan of reorganization be adopted in order to allow the Debtor to successfully complete its Plan.

### NOTICE OF INTENT TO PRESENT EVIDENCE AND TESTIMONY

Pursuant to LBR 9014.1, Debtor further provides notice of his intent to present evidence and testimony in support of the Motion.

DATED:   December 14, 2017

MAYNES TAGGART PLLC

/s/ Robert J. Maynes
ROBERT J. MAYNES
*Attorney for David O. Kingston*

APPROVED:

DATE: 12-14-17

David O. Kingston

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 15, 2017, I filed a copy of the attached pleading with the Court via CM/ECF and the following parties are reflected as receiving the Notice of Electronic Filing as CM/ECF Registered Participants:

PARTIES SERVED:

Jesse A.P. Baker on behalf of Creditor Aurora Loan Services LLC
ecfidb@aldridgepite.com, JPB@ecf.inforuptcy.com;jbaker@aldridgepite.com

Steven William Boyce on behalf of Creditor US Bank, N.A.
sboyce@justlawidaho.com, cvandermeulen@hawleytroxell.com

Karl R Decker on behalf of Interested Party James Bauchman
kdecker@holdenlegal.com, rwalker@holdenlegal.com

Monte C Gray on behalf of Creditor Bank of America
montegray@cableone.net, livg@cableone.net;dianegraylaw@cableone.net

Daniel C Green on behalf of Attorney Craig W. Christensen, Chartered
dan@racinelaw.net, rag@racinelaw.net;hml@racinelaw.net

Bryan Nikkilas Henrie on behalf of Attorney Craig W. Christensen, Chartered
bryan@mrtlaw.net

R Ron Kerl on behalf of Creditor Northwest Farm Credit Services, FLCA
Ron@cooper-larsen.com, kelli@cooper-larsen.com,bobbi@cooper-larsen.com

R Ron Kerl on behalf of Creditor Northwest Farm Credit Services, PCA
Ron@cooper-larsen.com, kelli@cooper-larsen.com,bobbi@cooper-larsen.com

Amy J. Kingston on behalf of Attorney Kingston Companies
kingstonlegalpllc@gmail.com

Amy J. Kingston on behalf of Creditor 43 North, LLC
kingstonlegalpllc@gmail.com

Philip M Kleinsmith on behalf of Creditor Ventures Trust 2013-I-H-R by Capital Partners LLC, its Trustee
aj@kleinsmithlaw.com

Mark A Larsen on behalf of Creditor RS-ANB Fund, LP
mlarsen@larsenrico.com, jlshields@cnmlaw.com;njpotter@cnmlaw.com

Mark A Larsen on behalf of Plaintiff RS-ANB Fund, LP
mlarsen@larsenrico.com, jlshields@cnmlaw.com;njpotter@cnmlaw.com

MOTION TO MODIFY CONFIRMED PLAN
Page 10

David E Leta on behalf of Plaintiff Bank of America, N.A.
dleta@swlaw.com, wsmart@swlaw.com;lgardner@swlaw.com;dfarr@swlaw.com

William L Mauk on behalf of Creditor Kingston, David O. Jr. & Danielle
sally@maukburgoyne.com

Brian F McColl on behalf of Creditor Wells Fargo Bank, N.A.
brian@wilsonmccoll.com, ronni@wilsonmccoll.com

Stacy JoAnn McNeill on behalf of Plaintiff RS-ANB Fund, LP
smcneill@btjd.com, aellis@btjd.com;docketing@btjd.com

Patrick William McNulty on behalf of Creditor Corus Construction Venture, LLC
pwm@randalldanskin.com

Patrick William McNulty on behalf of Creditor Spanish Palms Marketing, LLC
pwm@randalldanskin.com

Patrick William McNulty on behalf of Plaintiff Spanish Palms Marketing, LLC
pwm@randalldanskin.com

Stephen A Meikle on behalf of Creditor Danielle Kingston
sammeikle@msn.com, rachellewinn@outlook.com

Stephen A Meikle on behalf of Creditor David O Kingston, Jr.
sammeikle@msn.com, rachellewinn@outlook.com

David Wayne Newman on behalf of U.S. Trustee US Trustee
ustp.region18.bs.ecf@usdoj.gov

Lance E Olsen on behalf of Creditor BAC Home Loans Servicing, LP
bknotice@mccarthyholthus.com, lolsen@ecf.inforuptcy.com

Lance E Olsen on behalf of Creditor Bank of America
bknotice@mccarthyholthus.com, lolsen@ecf.inforuptcy.com

Lance E Olsen on behalf of Creditor Bank of America, N.A.
bknotice@mccarthyholthus.com, lolsen@ecf.inforuptcy.com

Lance E Olsen on behalf of Creditor US Bank, N.A.
bknotice@mccarthyholthus.com, lolsen@ecf.inforuptcy.com

Lance E Olsen on behalf of Creditor Wells Fargo Bank, N.A.
bknotice@mccarthyholthus.com, lolsen@ecf.inforuptcy.com

Larry E Prince on behalf of Counter-Defendant Corus Construction Venture, LLC
lprince@hollandhart.com, tahancock@hollandhart.com;boiseintaketeam@hollandhart.com

Larry E Prince on behalf of Counter-Defendant Spanish Palms Marketing, LLC
lprince@hollandhart.com, tahancock@hollandhart.com;boiseintaketeam@hollandhart.com

Larry E Prince on behalf of Creditor Corus Construction Venture, LLC
lprince@hollandhart.com, tahancock@hollandhart.com;boiseintaketeam@hollandhart.com

Larry E Prince on behalf of Creditor Spanish Palms Marketing, LLC
lprince@hollandhart.com, tahancock@hollandhart.com;boiseintaketeam@hollandhart.com

Larry E Prince on behalf of Plaintiff Spanish Palms Marketing, LLC
lprince@hollandhart.com, tahancock@hollandhart.com;boiseintaketeam@hollandhart.com

Eugene A Ritti on behalf of Defendant David Orville Kingston
, jnewman@hawleytroxell.com;jscott@hawleytroxell.com

Matthew K Shriver on behalf of Creditor LSF9 Master Participation Trust
ecfid@rcolegal.com;RCO@ecf.inforuptcy.com, mshriver@rcolegal.com
US Trustee
ustp.region18.bs.ecf@usdoj.gov

And as otherwise noted in the Court's Notice of Electronic Filing.

        DATE: December 15, 2017

        /s/ Robert J. Maynes_____
        ROBERT J. MAYNES